UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **JAMES R. WILLIAMS** and **JRRW, an Illinois corporation,** | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) Case No. 09-2176 |
| **RYNDERT DEREK DE GROOT** and **JACOB'S TRUCKING,** an Iowa corporation, | )<br>)<br>)<br>) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In July 2009, Plaintiffs James Williams and JRRW, an Illinois corporation, filed a Complaint (#1) against Defendants Ryndert Derek DeGroot and Jacob's Trucking, an Iowa corporation, alleging breach of contract, fraud, and conversion. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

In November 2009, Defendants filed a Motion To Dismiss Amended Complaint for Improper Venue (#3). Plaintiffs subsequently filed a Response to Defendants' Motion To Dismiss Amended Complaint for Improper Venue (#5). Defendants then filed a Motion for Leave To File a Reply to Plaintiffs' Response to Defendants' Motion To Dismiss (#8), which the Court denied. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Amended Complaint for Improper Venue **(#3)** be **GRANTED**.

## I. Discussion

The claims in this case arise out of a Lease and Option Agreement (#3-1) between Plaintiff JRRW, Inc., and Defendant DeGroot. Defendants argue that the Court should dismiss this case on the grounds of improper venue. Specifically, Defendants contend that Section 11.05 of the lease agreement contains a mandatory forum selection clause. Section 11.05 provides as follows:

> **Section 11.05. Consent to Jurisdiction.** The parties stipulate and agree that all disputes arising out of this Agreement, if litigated, shall be litigated in the Circuit Court of the Sixth Judicial Circuit of Illinois, Piatt County, Illinois, the County in which the Equipment is located as of the date hereof, and Lessee hereby consents to the jurisdiction of said Court over such matters and himself.

(#3–1, p. 8.) Based on Section 11.05, Defendants contend that Plaintiffs are required to bring their lawsuit in the Circuit Court of the Sixth Judicial Circuit of Illinois, Piatt County, Illinois.

Plaintiffs' response does not challenge the validity or effect of the venue clause in the lease. Instead, Plaintiffs state that they have filed a complaint against Defendants in the Piatt County Circuit Court, and Defendants have "defied the jurisdiction of the Illinois Circuit Court" in various ways. (#5, p. 2.) Plaintiffs have presented no case law or other authority to support their position.

In the absence of any challenge to the validity or effect of the venue clause in the lease, the Court finds that the venue clause controls. Accordingly, the Court recommends dismissing this suit on the grounds of improper venue.

## II. Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Dismiss Amended Complaint for Improper Venue **(#3)** be **GRANTED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 27th day of January, 2010.

                                            s/ DAVID G. BERNTHAL
                                            U.S. MAGISTRATE JUDGE